IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| NBC UNIVERSAL, INC., <u>ET AL.</u>, )<br>)<br>)<br>     Plaintiffs, )<br>)<br>) No. 1:05cv268<br>v. )<br>)<br>)<br>NBCUNIVERSAL.COM, )<br>Internet domain name, )<br>)<br>)<br>     Defendant. ) | |

<u>MEMORANDUM OPINION</u>

I.  <u>Background</u>

    Before the Court is Junak Kwon's Motion To Dismiss this <u>in rem</u> action, which arises out of the registration by Kwon of the domain name NBCUNIVERSAL.COM.  Plaintiffs NBC Universal, Inc. and Universal City Studios LLLP filed a Complaint on March 10, 2005, alleging under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125, and the Lahnam Act, 15 U.S.C. § 1051, that Kwon registered the domain name in bad faith to disrupt their business, divert and mislead customers, and tarnish their trademarks.  The Court has jurisdiction over this action because plaintiffs' claims are based on federal law and Verisign, Inc., the worldwide registry for ".com" domain names,

including NBCUNIVERSAL.COM, is located in this judicial district.[1]

On May 24, 2005, plaintiffs filed a Motion For An Order To Publish Notice Of Action to satisfy the ACPA's requirement for filing an <u>in</u> <u>rem</u> action.  See § 1125(d)(2)(A)(ii)(aa) & (bb). Kwon did not appear at the June 3, 2005, hearing on the Motion. Accordingly, the Court granted the Motion and issued an Order allowing plaintiffs to publish notice of the action in *The Washington Post*.[2]

On June 9, 2005, Kwon filed a Motion To Dismiss, in which he first argues that this Court lacks subject matter jurisdiction over this action because by proceeding under the Uniform Dispute Resolution Policy ("UDRP") and filing a complaint with an arbitral panel of the World Intellectual Property Organization Arbitration and Mediation Center ("WIPO") on September 21, 2004, plaintiffs submitted to the jurisdiction of the court in Korea, where the defendant domain name is registered.  Kwon also asserts

---

[1] The registry maintains the official records for all ".com" domain names, while the registrar for a given domain name is "one of several entities that [are] authorized to register '.com' names for registrants."  <u>GlobalSantaFe Corp. v. Globalsantafe.com</u>, 250 F. Supp. 2d 610, 614 n.9 (E.D. Va. 2003). The ACPA confers jurisdiction "in the judicial district in which the domain name registrar, domain name registry, or other domain name authority that registered or assigned the domain name is located."  15 U.S.C. § 1225(d)(2)(A).

[2] In compliance with the Court's June 3, 2005, Order, on June 23, 2005, plaintiffs filed an affidavit of Zoe Hilden confirming that such publication had been effected.

that this Court must abstain from exercising jurisdiction over the domain name because he filed suit in Korea challenging the WIPO decision in plaintiffs' favor on January 21, 2005, before plaintiffs filed the instant action.  Finally, Kwon contends that plaintiffs' Lanham Act claim must be dismissed because the Lanham Act does not provide for an in rem cause of action distinct from the remedies available in the ACPA.  As such, Kwon argues that to adjudicate plaintiffs' Lanham Act claim, the Court would have to exercise personal jurisdiction over Kwon, which plaintiffs agree they cannot.[3]  On June 20, 2005, plaintiffs filed an Opposition to Kwon's Motion, to which Kwon has not replied as of July 14, 2005.

II. Discussion

    A.   Subject Matter Jurisdiction

Plaintiffs have not waived their right to file an action in this federal court by previously proceeding under the UDRP and having their claim heard by an arbitral panel of WIPO.[4]  As the Fourth Circuit and this Court have held, arbitrating a dispute

---

[3] In fact, the ACPA allows in rem actions only when a plaintiff "is not able to obtain personal jurisdiction over a person who would have been a defendant in a civil action . . . ." See 15 U.S.C. 1125(d)(2)(A)(ii)(I).

[4] According to plaintiffs, Kwon defaulted in that proceeding. Subsequently, on December 23, 2004, WIPO held that Kwon had registered the domain name in bad faith and ordered that the domain name be transferred to plaintiffs within ten business days.

3

pursuant to UDRP does not preclude a plaintiff from filing a civil suit, either before or after the arbitral proceeding. See Barcelona.com, Inc. v. Excelenstisimo Ayuntamiento de Barcelona, 330 F.3d 617, 624-25 (4th Cir. 2003) ("Because the administrative process prescribed by the UDRP is 'adjudication lite' as a result of its streamlined nature and its loose rules regarding applicable law, the UDRP itself contemplates judicial intervention, which can occur before, during, or after the UDRP's dispute-resolution process is invoked."); see also Parisi v. Netlearning, Inc., 139 F. Supp. 2d 745, 751 (E.D. Va. 2001). Furthermore, a plaintiff is not limited to bringing such an action in the jurisdiction to which it submits for purposes of the WIPO proceeding under that body's rules of procedure. See Storey v. Cello Holdings, L.L.C., 347 F.3d 370, 380 (2d Cir. 2003). Thus, the proceeding before WIPO did not deprive this Court of jurisdiction over this action.

 B. Absention

 This Court also need not abstain from exercising its proper jurisdiction over the domain name in deference to the action filed by Kwon in Korea. As a threshold matter, abstention by a federal court is only warranted in extremely rare circumstances. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813, 821 (1976). One such circumstance can arise when another court already has exercised jurisdiction over the res at

issue in a federal action.  <u>Princess Lida of Thurn & Taxis v. Thompson</u>, 305 U.S. 456, 466 (1939); <u>Al-Abood v. El-Shamari</u>, 217 F.3d 225, 231 (4th Cir. 2000).  No such conflict exists in this case, however, because Kwon filed in Korea an <u>in</u> <u>personam</u> action against plaintiffs, not an <u>in</u> <u>rem</u> action requesting that the Korean court exercise jurisdiction over the domain name.  To the extent that Kwon argues that the Korean action is <u>quasi</u> <u>in</u> <u>rem</u> and therefore precludes this Court from exercising competing jurisdiction over the <u>res</u>, his Motion does not suggest that the Korean court has taken any steps to exercise such jurisdiction over the domain name at issue.  Even had Kwon filed an <u>in</u> <u>rem</u> or <u>quasi</u> <u>in</u> <u>rem</u> action in Korea, neither the first-in-time rule nor deference rooted in principles of international comity would require this court to abstain.  Given that plaintiffs still have not been served with the Korean complaint, which was filed six months ago, that action has not been initiated in any meaningful sense.[5]  Furthermore, this Court has a strong interest in protecting the important public policies effectuated by the federal trademark laws at issue in this action.  <u>See, e.g.</u>, <u>Globalsantafe</u>, 250 F. Supp. 2d at 626.  Accordingly, no justification exists for the Court to abstain from exercising jurisdiction over this federal <u>in</u> <u>rem</u> action.

---

[5] Plaintiffs' and the Court's knowledge of the Korean complaint derives from the translated version that Kwon attached to the Motion To Dismiss he filed in this Court.

    C.   <u>Lanham Act</u>

As plaintiffs argue in their Opposition, Kwon's argument that the Lanham Act does not provide for <u>in rem</u> actions is unsupported and erroneous.  The Fourth Circuit held in <u>Harrods Ltd. v. Sixty Internet Domain Names</u> that "the in rem provision [of the Lanham Act] not only covers bad faith claims under § 1125(d)(2), but also covers infringement claims under § 1114 and § 1125(a) and dilution claims under § 1125(c)."  <u>See</u> 302 F.3d 214, 228 (4th Cir. 2002).  Accordingly, plaintiffs' claim under § 1114(1) of the Lanham Act is properly pled in this <u>in rem</u> action.

## II. <u>Conclusion</u>

For the foregoing reasons, defendant's Motion to Dismiss will be denied.  An appropriate Order will issue.

Entered this 14th day of July, 2005.

                                                      /s/
                                            Leonie M. Brinkema
                                            United States District Judge

Alexandria, Virginia